UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOSEPH W. ANDERSON, et al.,                     Case No. 1:14-cv-763

    Plaintiffs,

                                                        Black, J.
vs.                                                    Bowman, M.J.

MICROSOFT CORPORATION,

    Defendants.

**REPORT AND RECOMMENDATION**

This *pro se* copyright infringement action is now before the Court on Defendant's motion for a more definite statement, Defendant's motion to dismiss, Plaintiff's motion for ADR – Mediation pursuant to S.D. Ohio Civ. R. 16(e)(1) (Docs.7, 10, 14), and the parties' responsive memoranda. (Docs. 9, 12, 13, 15). This matter has been referred to the undersigned for a Report and Recommendation consistent with Fed. R. Civ. P. 72(b).

    **I. BACKGROUND AND FACTS**

 Plaintiff complaint alleges the following:

Defendant began to use works protected by copyright laws of 2012, without consent of the copyright holder.  The Defendant reproductions of copyrighted material consist of new images being added to copyright material, then sold to the public for monetary gain. Defendant benefits sold from the advertisements entailing Plaintiff's new discovery in algorithm while obtaining profits from copyrighted material. (*See Plaintiff Exhibit A).* Defendant's distribution of the copyright material had been sold to non-related entities and businesses not affiliated with the copyright holder.

Plaintiff began his research study in the field of etymology, studying origin of the world Figurine and the origin of the word Sculpture.  Plaintiff's writing consisted of how these words conjoined would coincide, how the word used in today's modern language and gives an in depth review as to why the words had been abandoned and left undeveloped in modern

language. Plaintiff applied for the United States copyright in the year of 2007, however, the Copyright office did not approve his work until 2009. (Doc. 1).

According to Plaintiff, 'Sculpture Figurine', 'Figurine Sculpture' has no clear definition, meaning or understanding in language other than the Plaintiff's copyrighted material. "The words 'Sculpture Figurine,' 'Figurine Sculpture' does not exist in the dictionary or encyclopedia and is a part of the Plaintiff's new discovery in algorithm." (Doc. 1 at 3). Plaintiff seeks $7,000,000 for irreversible damage from the ongoing infringement of the copyright holder exclusive rights, as he claims to be is the rightful copyright owner.

In response to the complaint, Defendant Microsoft filed a motion for a more definite statement, asserting that Plaintiff's complaint fails to allege sufficient facts that would put the Defendant on fair notice of its potential liability. (Doc. 7). Defendant asserts that Plaintiff's complaint is vague, ambiguous, unintelligible and subject to Rule 12(e)'s requirement of a more definite statement. (Doc. 7)

In response to Defendant's motion, Plaintiff asserts that he used the Bing "hypertextual web search engine," to search for the phrase "Sculpture Figurine." (Doc. 8). The Plaintiff appears to argue that the hyperlinks, images, and advertisements resulting from that search constitute copyright infringement and that "Defendant willfully added Plaintiff's copyright titles into hypertextual web search engine". With respect to Defendant's contention that Plaintiff's complaint fails to allege sufficient facts, Plaintiff notes that his complaint and response has attached the following documents:

> Ex. A. Microsoft Corporation Advertisement's using Plaintiff's copyright Defendant Advertisements sold, and alteration of Web Search result.

2

      Ex. B. Plaintiff's Copyright Registration Certificate.

      Ex C. Defendant's URL Address Analyzed Result.

(Doc. 9 at 4).

      Two weeks after Plaintiff submitted his response to Defendant's motion for a more definite statement, Defendant filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Construing Plaintiff's response as an amended or supplemental complaint, Defendant contends that is as ambiguous, vague, and unintelligible as the original and it states no basis upon which relief can be granted.

      Thereafter, Plaintiff filed a motion for ADR- Mediation pursuant to S.D. Ohio Civ. R. 16(e)(1). Defendant opposes the motion asserting that mediation would be premature and unproductive at this time in light of the pending motion to dismiss.

      Upon careful review of the pleadings, controlling law, and the arguments of the parties, the undersigned finds that this matter should be dismissed for failure to state any plausible claim upon which relief may be granted.

      **II. ANALYSIS**

      *A. Standard of Review*

      A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." To show grounds for relief, Fed.R.Civ.P. 8(a) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

      While Fed.R.Civ.P. 8 "does not require 'detailed factual allegations,' ... it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."

*Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Pleadings offering mere " 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Id.* (citing *Twombly,* 550 U.S. at 555). In fact, in determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation[.]' " *Twombly,* 550 U.S. at 555 (citing *Papasan v. Allain,* 478 U.S. 265, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.*

Accordingly, in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal,* 556 U.S. at 678. A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'- 'that the pleader is entitled to relief.' " *Id.* (citing Fed. Rule Civ. Proc. 8(a)(2)).

### B. Plaintiff's complaint should be dismissed

Infringement claims are subject to a higher pleading standard because "such claims lend themselves readily to abusive litigation." *Best v. AT&T Inc.,* S.D. Ohio No. 2:12-CV-861, 2014 U.S. Dist. LEXIS 130669, *7 (Sept. 16, 2014). A complaint for copyright infringement must, therefore, make particular factual averments showing how

4

a defendant supposedly infringed on a copyright. *Id.* at 8; see also *Hill v. Ohio State Univ. T&L*, S.D. Ohio No. 2:12-cv-984, 2013 U.S. Dist. LEXIS 75384 (May 29, 2013). To state a claim for copyright infringement, Plaintiff must allege facts showing 1) ownership of a valid copyright and 2) "that the defendant copied protectable elements of the work." *Johnson v. Apple, Inc.,* 2014 U.S. Dist. LEXIS 112867 at *7-8 (Aug. 14, 2014), citing to *Lexmark Int'l Inc. v. Static Control Components, Inc.,* 387 F.3d 522, 534 (6th Cir. 2004). Additionally, the titles of protected works or other short phrases cannot be protected by a valid copyright. 37 CFR 202.1(a).

As outlined above, Plaintiff's pleadings are implausible, incoherent and, at best, difficult to decipher. Accordingly, Defendant contends that there is no hint of an allegation that the Defendant copied, altered, or added any content to the allegedly protected work, itself. As such, Defendant argues that Plaintiff has failed to state a claim for copyright infringement as a matter of law. The undersigned agrees. Notably, neither Plaintiff's initial complaint (Doc. 1), nor his subsequent responses to Defendant's motions for a more definite statement and motion to dismiss (Docs. 9, 12) contain any factual allegations establishing the existence of any copyright infringement took place. See *Johnson v. Apple, Inc.* S.D. Ohio No. 3:13-cv-204, 2014 U.S. Dist. LEXIS 112867, *6 (Aug. 14, 2014)( Although a *pro se* plaintiff is held to a somewhat less stringent standard, his complaint must still contain enough factual matter to state a plausible claim for relief). See also *Apple v. Glenn,* 185 F.3d 477. 479 (6th Cir.1999) (district court has authority to *sua sponte* dismiss a non-prisoner pro se complaint for lack of jurisdiction "at any time" in cases when the Court's review reveals the allegations of a

5

complaint to be "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open for discussion.").

### III.  CONCLUSION

Accordingly, **IT IS THEREFORE RECOMMEDED THAT:** (1) Defendants' motion to dismiss (Doc. 10) be **GRANTED**; (2) all remaining pending motions be **DENIED as MOOT** (Docs. 7, 14); and (3) this matter **TERMINATED** on the active docket of this Court.

                                           *s/ Stephanie K. Bowman*
                                           Stephanie K. Bowman
                                           United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JOSEPH W. ANDERSON, et al., | Case No. 1:14-cv-763 |
| Plaintiffs, | |
| vs. | Black, J. |
| | Bowman, M.J. |
| MICROSOFT CORPORATION, | |
| Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).